Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Honyadi Medina Santiago y Otros<br><br>Apelante<br><br>vs.<br><br>Tnte. Maximino Cuevas Rivera y Otros<br><br>Apelados | TA2025AP00717 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2025CV00242<br><br>Sobre: *Mandamus* |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 14 de enero de 2026.

Comparece ante nos, el señor Honyadi Medina Santiago (Sr. Medina Santiago o apelante), por derecho propio, y solicita que revisemos la Sentencia emitida, el 23 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI). Mediante esta determinación, el foro primario desestimó la Demanda presentada sobre daños y perjuicios.

Por su condición de confinado, aceptamos que el Sr. Medina Santiago litigue el presente recurso *in forma pauperis*.

De conformidad con lo dispuesto en la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___(2025), este Tribunal puede prescindir de términos no jurisdiccionales y escritos, con el propósito de lograr su más justo y eficiente despacho. En consideración a lo anterior, procedemos a disponer del presente recurso sin la comparecencia de la parte apelada.

**I.**

El 12 de febrero de 2025, el Sr. Medina Santiago presentó una Demanda en contra del Departamento de Corrección y Rehabilitación (DCR), el señor Maximino Cuevas Rivera (Sr. Cuevas Rivera), el señor Frankie Pérez Laguerre (Sr. Pérez Laguerre) y el señor Edwin Rodríguez (Sr. Rodríguez). En sus alegaciones detalló que, el 23 de febrero de 2024, se interrumpió la visita del apelante con su esposa, la señora Natasha Rodríguez Lucena (Sra. Rodríguez Lucena). Describió que el Sr. Pérez Laguerre y el Sr. Rodríguez se acercaron y le informaron que su visita había culminado. Ello debido a que estos, observaron cuándo el apelante le haló el pelo a la Sra. Rodríguez Lucena y su rostro mostraba dolor. Consecuentemente, se le suspendieron las visitas por un término de 30 días.

Más adelante, se le informó sobre la suspensión permanente de las visitas con la Sra. Rodríguez Luciano. El apelante argumentó que esta fabricación, es una respuesta a la querella administrativa impuesta en contra del Sr. Rodríguez a mediados del año 2023. Por último, describió que este funcionario lo trataba de manera hostil.

Por su parte, el 4 de septiembre de 2025, el DCR compareció mediante una Moción, sin someterse a la jurisdicción del Tribunal. Informó que, la agresión del apelante provocó que otros miembros de la población correccional se alteraran y como medida preventiva, se trasladó al Sr. Medina Santiago a un área protegida. Argumentó que las visitas son un privilegio, no un derecho, por lo que pueden ser restringidas, reguladas o canceladas, según sea necesario. La suspensión de las visitas de la Sra. Rodríguez Lucena fueron consecuencia de la conducta del apelante y en protección de la comunidad carcelaria.

Igualmente, señaló que el apelante no agotó los remedios administrativos, toda vez que esta situación fue objeto de una vista disciplinaria el 29 de febrero de 2024. Además, el 11 de marzo de 2024, se le proveyó copia de esta Resolución. Por lo que, de no estar conforme con la determinación del oficial examinador, debía presentar una solicitud de revisión administrativa ante el Tribunal de Apelaciones dentro del término establecido. De modo que, el TPI carecía de jurisdicción para atender la controversia presentada ante sí.

El foro de instancia le concedió un término de 20 días al apelante para que fijara su posición. Conforme a lo ordenado, el 15 de septiembre de 2025, presentó una Moción en la cual alegó la existencia de una persecución en su contra. Específicamente describió que le realizaban registros, amenazas e intimidaciones constantes. Añadió que no le permitían consumir sus alimentos.

Luego de varios trámites procesales, el 23 de octubre de 2025, el TPI emitió una Sentencia en la cual estableció que no tenía jurisdicción para revisar la determinación referente a la suspensión de visitas, toda vez que el recurso debía ser presentado ante el Tribunal de Apelaciones. En lo concerniente a las alegaciones presentadas en la Moción de 15 de septiembre de 2025, indicó que el apelante no agotó los remedios administrativos. Por lo que, el DCR mantenía jurisdicción sobre los asuntos presentados ante su consideración. Por último, concluyó que no existía un acto u omisión culposa o negligente por parte de los funcionarios del DCR. A raíz de lo anterior, ordenó la desestimación del pleito.

Inconforme, el 18 de noviembre de 2025, el apelante presentó una solicitud de Reconsideración. Argumentó que no se le permitió comparecer acompañado de un representante legal. Insistió en que la agresión no ocurrió y que el procedimiento se

rigió por información falsa. Indicó que se le privó de la presentación de evidencia, toda vez que el área de visitas está bajo vigilancia por cámaras las 24 horas del día.

Ante ello, el 3 de diciembre de 2025, el foro primario otorgó un término de 20 días para que el DCR expresara su posición.

Seguidamente, el 18 de diciembre de 2025, el Sr. Medina Santiago presentó el recurso que nos ocupa. Según se desprende del escrito ante nos, señaló que erró el Tribunal de Primera Instancia al desestimar la demanda por concluir que este debió agotar los remedios administrativos y, por ende, carece de jurisdicción.

**II.**

Es norma reiterada que, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Por su trascendencia, los tribunales ostentamos el deber de examinar nuestra propia jurisdicción, así como aquella del foro de donde procede el recurso ante su consideración. *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). En ese sentido, el primer factor que corresponde evaluar en toda situación jurídica es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Torres Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019).

Por ello, nos compete ser celosos guardianes de nuestra propia jurisdicción. *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023). Las cuestiones referentes a la jurisdicción son privilegiadas y deben atenderse con preferencia. *S.L.G. Szendrey Ramos v. F. Castillo, supra*, a la pág. 882. Por tal razón, "al momento de determinar si un tribunal tiene jurisdicción sobre un caso es

necesario asegurarse de que se cumplieron todos los requisitos jurisdiccionales que la ley establece". *Adm. Terrenos v. Ponce Bayland, supra,* a la pág. 600; *Shell v. Srio. Hacienda,* 187 DPR 109, 123 (2012). Entiéndase que, "[p]or definición, un requisito jurisdiccional es aquel que se debe cumplir antes de que el tribunal pueda conocer del pleito". *Rodríguez Vázquez v. Hosp. Auxilio Mutuo,* 2025 TSPR 55, 216 DPR ___ (2025); *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 268 (2018) (citando a I. Rivera García, <u>Diccionario de términos jurídicos</u>, 2da ed. rev., Orford, Ed. Equity, 1985, pág. 244).

En lo concerniente a tales exigencias, es menester explicar que, el incumplimiento con las normas del perfeccionamiento del recurso incide en nuestro ejercicio jurisdiccional a nivel apelativo. Por tal motivo, el acatamiento de estas reglas no puede quedar al arbitrio de las partes o de sus abogados. *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, 105 (2013). Véase, también, *Lugo v. Suárez,* 165 DPR 729, 737 (2005). La inobservancia de estas reglas impide que el Tribunal de Apelaciones pueda atender la controversia que se le presenta. *Pérez Soto v. Cantera Pérez, supra,* a la pág. 105.

En tales instancias, "[a]l tratarse de un asunto que incide sobre el poder del tribunal para adjudicar una controversia, la falta de jurisdicción se puede argumentar *motu proprio*". *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652 (2014); *Souffront v. A.A.A.,* 164 DPR 663, 674 (2005). Así pues, los foros adjudicativos no tienen discreción para asumir la jurisdicción en aquellos contextos en que no la tienen. *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 165 (2016). La ausencia de tal autoridad no es un asunto que pueda ser subsanado. *S.L.G. Szendrey Ramos v. F. Castillo, supra,* a la pág. 883. Por tanto, "si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación

sin entrar en los méritos de la controversia". *R&B Power, Inc. v. Junta de Subastas ASG, supra,* a la pág. 698; *Mun. de San Sebastián v. QMC Telecom, supra*, a la pág. 660 (2014).

Según se ha definido, un recurso prematuro es uno que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por tanto, un recurso prematuro carece de eficacia y no produce efectos jurídicos *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97-98 (2008). Un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Íd.,* a la pág. 98; *Juliá et al. v. Epifanio Vidal, S.E.,* 153 DPR 357, 366 (2001). Sin embargo, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Yumac Home v. Empresas Massó, supra*, pág. 107.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, confiere facultad a este Tribunal para a iniciativa propia, o a petición de parte, desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción. *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

### III.

Como Tribunal revisor, nos corresponde auscultar nuestra propia jurisdicción. Ello en vista de que las cuestiones relacionadas a la jurisdicción se deben resolver con preferencia. Por ende, cuando este Tribunal carece de jurisdicción, lo apropiado es desestimar la reclamación sin entrar en sus méritos. *R&B Power, Inc. v. Junta de Subasta ASG,* supra.

Según adelantamos en el tracto procesal, el 3 de diciembre de 2025, el foro primario otorgó al DCR un término de 20 días para que se expresara sobre la solicitud de Reconsideración del Sr. Medina Santiago. Posteriormente, el 18 de diciembre de 2025. el apelante presentó el recurso que nos ocupa.

En vista de que aún se encuentra pendiente de adjudicación la solicitud de Reconsideración presentada en el TPI, el escrito ante nos resulta prematuro. A tenor, procede su desestimación, por falta de jurisdicción.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de este dictamen, se desestima el recurso por falta de jurisdicción por prematuro.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones